Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| ESTADO LIBRE ASOCIADO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>J.R. ASPHALT, INC.; RAYMOND RODRÍGUEZ SANTOS; MARIO VILLEGAS VARGAS<br><br>Peticionario | KLCE202401345<br><br>CONS. CON<br><br>KLCE202401347<br><br>Y<br><br>KLCE202500033 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso núm.: SJ2024CV05775<br><br>Sobre: Código Anticorrupción, Ley 2-2018 Daños y Perjuicios |
| --- | --- | --- |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.[1]

Díaz Rivera, Jueza Ponente

**R E S O L U C I Ó N**

En San Juan, Puerto Rico, a 18 de febrero de 2025.

Comparecen ante *nos*, J.R. Asphalt, Inc. (J.R. Asphalt)[2], Mario Villegas Vargas (Villegas Vargas) y Raymond Rodríguez Santos (Rodríguez Santos) (en conjunto, los peticionarios) y nos solicitan que revisemos y revoquemos una *Orden* emitida por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Bayamón, el 13 de noviembre de 2024. Mediante el referido dictamen, el TPI declaró *No Ha Lugar* una *Moción de Desestimación al Amparo de la Regla 10.2(5) de Proc. Civil* que presentó J.R. Asphalt, una *Moción de Desestimación* que presentó Villegas Vargas y una *Moción Informativa y Exponiendo Posición de la Parte Co-Demandada* que presentó Rodríguez Santos.

---

[1] Mediante la OATA-2025-016 debido a que, desde el 6 de febrero de 2025, la Hon. Camille Rivera Pérez dejó de ejercer funciones como Jueza del Tribunal de Apelaciones, y con el fin de garantizar la atención y continuidad en la adjudicación de los casos en los que ésta participaba, se modifica la integración del panel.

[2] J.R. Asphalt comparece mediante el recurso KLCE202401345, Villegas Vargas comparece mediante el recurso KLCE202401347 y Rodríguez Santos comparece mediante el recurso KLCE202500033. Por tratarse del mismo asunto y derecho applicable los recursos KLCE202401347 y KLCE202500033 fueron consolidados con el KLCE202401345.

Número Identificador

RES2025 _____

Por los fundamentos que exponemos a continuación, se *deniega* la expedición del auto de *certiorari* en los casos KLCE202401345 y KLCE202401347 y se *desestima* el recurso KLCE202500033 por falta de jurisdicción por tardío.

**I.**

El 25 de junio de 2024, el Estado Libre Asociado de Puerto Rico (ELA o recurrida) presentó una *Demanda* en contra de los peticionarios con el propósito de reclamar una indemnización por los daños presuntamente causados por estos al erario. En síntesis, la parte recurrida alegó que tanto Rodríguez Santos como Villegas Vargas se declararon culpables de conspirar para sobornar al ex alcalde de Cataño, Félix Delgado Montalvo (Delgado Montalvo), para asegurar que ese ayuntamiento le concediera a J.R. Asphalt contratos a cambio de unos sobornos que ascendieron a $109,340.00. Esgrimió que dichos sobornos le causaron daños tangibles al erario, pérdida de fondos públicos y limitaciones en la prestación de servicios a la ciudadanía. Consecuentemente, el ELA reclamó una indemnización equivalente a tres (3) veces la cantidad de los sobornos, esto al amparo del Artículo 5.2 del Código Anticorrupción para el Nuevo Puerto Rico.[3]

Oportunamente, el 3 de octubre de 2024, J.R. Asphalt presentó una *Moción de Desestimación al Amparo de la Regla 10.2(5) de Proc. Civil.* En esta, solicitó la desestimación de la *Demanda* bajo el fundamento de que dejaba de exponer una reclamación que justifique la concesión de un remedio. Arguyó que la causa de acción para reclamar una indemnización por daños económicos era inmeritoria, ya que de las alegaciones de la *Demanda* se desprende que realizó las obras contratadas por el Municipio de Cataño y no

---

[3] (3 LPRA sec. 1885a).

hubo evidencia de que el precio de los contratos se hubiera inflado para hacer pagos de soborno.

Así las cosas, el 8 de octubre de 2024, Villegas Vargas presentó una *Moción de Desestimación.* A grandes rasgos, solicitó la desestimación de la *Demanda* al amparo de la Regla 10.2(5) de Procedimiento Civil (32 LPRA Ap. V). Así pues, manifestó que la *Demanda* no presenta hechos que demuestren que el erario sufrió un perjuicio económico real, tal como requiere nuestra legislación y el Artículo 5.2 del Código Anticorrupción para el Nuevo Puerto Rico, *supra.*

Ese mismo día, Rodríguez Santos presentó una *Moción Informativa y Exponiendo Posición de la Parte Co-Demandada.* En la misma, adoptó los argumentos esbozados por J.R. Asphalt en su solicitud de desestimación. Posteriormente, el 6 de noviembre de 2024, la parte recurrida presentó una *Oposición a Mociones de Desestimación.* A grandes rasgos, se opuso a las solicitudes de desestimación que presentaron los peticionarios. Así pues, señaló que la *Demanda* tiene hechos adecuadamente alegados y es suficiente para establecer una reclamación plausible, susceptible de ser adjudicada para la concesión del remedio solicitado.

Subsiguientemente, el 13 de noviembre de 2024, el foro primario emitió una *Orden* mediante la cual denegó las solicitudes de desestimación presentadas y dispuso que: "[l]as alegaciones de la Demanda presenta alegaciones específicas con hechos demostrativos suficientes para establecer prima facie una causa de acción al amparo del Código anticorrupción para el Nuevo PR."

Inconforme, el 13 de diciembre de 2024, J.R. Asphalt y Villegas Vargas presentaron dos (2) recursos de *certiorari* con los alfanuméricos KLCE202401345 y KLCE202401347, respectivamente. El 18 de diciembre de 2024, emitimos una *Resolución* mediante la cual le concedimos diez (10) días a la parte

recurrida para mostrar causa por la cual no debemos expedir el auto de *certiorari* y revocar el dictamen impugnado. Además, ordenamos la consolidación de ambos recursos por tratarse del mismo asunto y derecho aplicable.

El 27 de diciembre de 2024, el ELA presentó una *Solicitud de Término Adicional*. En vista de ello, el 7 de enero de 2025, emitimos una *Resolución* mediante la cual le concedimos a la parte recurrida hasta el 1 de febrero de 2025, para fijar posición al recurso.

Subsiguientemente, el 13 de enero de 2025, Rodríguez Santos presentó un recurso de *certiorari* al cual se le asignó el alfanumérico KLCE202500033. Entretanto, el 22 de enero de 2025, emitimos una *Resolución* mediante la cual le concedimos un término de diez (10) días a la parte recurrida para mostrar causa por la cual no debemos expedir el auto de *certiorari* y revocar el dictamen impugnado. Asimismo, ordenamos la consolidación de este recurso con los casos KLCE202401345 y KLCE202401347, por tratarse del mismo asunto.

En los tres (3) recursos consolidados los peticionarios alegaron la comisión del siguiente error:

> **ERRÓ EL TPI AL DENEGAR LA MOCIÓN DE DESESTIMACIÓN, PUES DEL EXAMEN DE LOS HECHOS BIEN ALEGADOS EN LA DEMANDA, ELIMINANDO DEL ANÁLISIS LAS CONCLUSIONES LEGALES Y LOS ELEMENTOS DE CAUSAS DE ACCIÓN APOYADOS POR ASEVERACIONES CONCLUSORIAS, NO SURGE QUE EL ESTADO HAYA SUFRIDO UN *DAÑO ECONÓMICO REAL*, EL CUAL ES UN ELEMENTO ESENCIAL PARA QUE PROCEDA UNA INDEMNIZACIÓN A TENOR CON EL ART. 5.2 DEL CÓDIGO ANTICORRUPCIÓN**.

El 31 de enero de 2025, la parte recurrida presentó una *Solicitud de Desconsolidación y Desestimación por Falta de Jurisdicción […]*. En esta, planteó que Rodríguez Santos presentó su recurso de *certiorari* fuera del término de treinta (30) días de cumplimiento estricto dispuesto por ley. Así, el 3 de febrero de 2025,

la parte recurrida presentó un *Escrito en Cumplimiento de Resolución.*

Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**A.** *Certiorari*

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194 (2023). Véase, además, *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023); *800 Ponce de León v. AIG,* 205 DPR 163 (2020); *Pueblo v. Díaz de León,* 176 DPR 913 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León v. AIG, supra.* Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *BPPR v. SLG Gómez-López,* 2023 TSPR 145, 213 DPR ___ (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari.* Véase, *Scotiabank v. ZAF Corp.,* 202 DPR 478 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra,* dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311 (2005); *Meléndez Vega v. Caribbean Intl. News*, 151 DPR 649 (2000); *Lluch v. España Service Sta.*, 117 DPR 729 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. *Torres González v. Zaragoza Meléndez, supra*. En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra.*

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559 (2009); *García v. Padró*, 165 DPR 324 (2005).  El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, 125 DPR 203 (1990).  Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra.* Véase, además, *Pueblo v. Rivera Santiago, supra*; *S.L.G. Flores, Jiménez v. Colberg*, 173 DPR 843 (2008).

## B.  La jurisdicción

Como es sabido, "[la] jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias". *Municipio de Aguada v. W Construction, LLC, et al.*, 2024 TSPR 69, 213 DPR ____ (2024).  Véase, además, *RB Power, Inc. v. Junta de Subastas de la ASG PR*, 2024 TSPR 24, 213 DPR ___ (2024); *Pueblo v. Torres Medina*, 211 DPR 950 (2023); *Cobra Acquisitions v. Mun. de Yabucoa, et al.,* 210 DPR 384 (2022).  Así, para adjudicar un caso el tribunal debe tener tanto jurisdicción sobre la materia como sobre las partes litigiosas.  *Cobra Acquisitions v. Mun. de Yabucoa, et al.,*

*supra*, pág. 394. Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *RB Power, Inc. v. Junta de Subastas de la ASG PR, supra; Torres Alvarado v. Maderas Atiles*, 202 DPR 495 (2019).

En ese sentido, el Tribunal Supremo de Puerto Rico ha enfatizado consistentemente que la falta de jurisdicción "trae consigo las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*". *MCS Advantage v. Fossas Blanco, et al.*, 211 DPR 135 (2023). Véase, además, *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018); *González v. Mayagüez Resort & Casino*, 176 DPR 848 (2009).

Además, sabido es que ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA*, 184 DPR 898 (2011). Las cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado*, 172 DPR 216 (2007). Véase, además, *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345 (2003); *Autoridad Sobre Hogares v. Sagastivelza,* 71 DPR 436 (1950). Al hacer esta determinación, debe desestimarse la reclamación sin entrar en los méritos de la controversia. *MCS Advantage v. Fossas Blanco, et al.*, *supra;*

*González Santos v. Bourns P.R., Inc.*, 125 DPR 48 (1989). En consecuencia, la ausencia de jurisdicción es insubsanable. *S.L.G. Solá-Moreno v. Bengoa Becerra*, 182 DPR 675 (2011); *Vázquez v. A.R.P.E.*, 128 DPR 513 (1991).

Por lo tanto, un tribunal que carece de jurisdicción únicamente tiene jurisdicción para así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254 (2018); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007). A tenor con lo anterior, les corresponde a los tribunales ser los guardianes de su jurisdicción, independientemente de que la cuestión haya sido planteada anteriormente o no. *Dávila Pollock et al. v. R.F. Mortgage*, 182 DPR 86 (2011). Véase, además, *S.L.G. Szendrey-Ramos v. F. Castillo, supra*. Así pues, de un tribunal dictar sentencia sin jurisdicción, su decreto será jurídicamente inexistente o *ultra vires*. *Municipio de Aguada v. W Construction, LLC, et al., supra,* citando a *Maldonado v. Junta de Planificación*, 171 DPR 46 (2007).

Con relación a la controversia ante *nos*, la Regla 52.2 (c) de Procedimiento Civil (32 LPRA Ap. V) establece los términos que tiene el Estado Libre Asociado, los municipios, sus funcionarios o sus instrumentalidades, para presentar recursos de apelación o *certiorari*. A esos efectos, la referida Regla dispone que:

> (c) Recursos de apelación o certiorari cuando el Estado Libre Asociado es parte. En aquellos casos en que el Estado Libre Asociado de Puerto Rico y los municipios, sus funcionarios(as) o una de sus instrumentalidades, excluyendo a las corporaciones públicas, sean parte en un pleito, el recurso de apelación para revisar sentencias del Tribunal de Primera Instancia o el recurso de certiorari para revisar discrecionalmente las sentencias o resoluciones del Tribunal de Apelaciones en recursos de apelación, deberán ser presentados por cualquier parte en el pleito perjudicada por la sentencia o la resolución, dentro del término jurisdiccional de sesenta (60) días contados desde la fecha del archivo en autos de copia de la sentencia o resolución recurrida.
> Los términos que se computen a partir del archivo en autos de copia de la notificación de una sentencia, resolución u orden comenzarán a decursar a partir del depósito en el correo de la notificación del dictamen, cuando esta fecha sea distinta a la de su archivo en autos.

La Regla 52.2 (c) de Procedimiento Civil, *supra,* establece un término jurisdiccional de sesenta (60) días para acudir al Tribunal de Apelaciones mediante recursos de apelación con el fin de revisar sentencias del TPI. Igual plazo establece la Regla 52.2 (c) para acudir al Tribunal Supremo de Puerto Rico para revisar mediante recurso de *certiorari* las sentencias o resoluciones del Tribunal de Apelaciones. Sin embargo, es preciso destacar que la mencionada Regla no trata sobre la revisión de las resoluciones interlocutorias emitidas por el TPI. Por consiguiente, nuestro máximo Foro ha destacado la importancia de identificar adecuadamente los dictámenes del foro primario, pues aplican diferentes plazos para acudir a los foros apelativos.

En particular, en *Abrams Rivera v. E.L.A.*, 178 DPR 914 (2010), el Tribunal Supremo de Puerto Rico expresó que:

> [...] De tratarse de una sentencia parcial, las partes tienen un término jurisdiccional de sesenta días para presentar el recurso de apelación ante el Tribunal de Apelaciones y de tratarse de una resolución interlocutoria aplica el término de cumplimiento estricto de treinta días. Reglas 53.1(c) y 53.1(e) de Procedimiento Civil, 32 L.P.R.A. Ap. III. Esta diferencia sigue siendo vital, según las Reglas de Procedimiento Civil de 2009.

A tenor con lo anterior, el término dispuesto para presentar un recurso de *certiorari* al Tribunal de Apelaciones es de treinta (30) días y es de cumplimiento estricto. De igual forma, la Regla 32 (D) de nuestro Reglamento, 4 LPRA Ap. XXII-B, establece el término de cumplimiento estricto de treinta (30) días para presentar el recurso de *certiorari* que solicita la revisión de resoluciones u órdenes emitidas por el TPI. Asimismo, la Regla 13 (A) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, establece un término jurisdiccional de sesenta (60) días, pero el mismo aplica a los recursos de apelación en los cuales el Estado Libre Asociado, municipios, sus funcionarios o instrumentalidades son parte. *Morales et als. v. Marengo et al.*, 181 DPR 852 (2011).

Nuestro Tribunal Supremo ha resuelto que las normas sobre el perfeccionamiento de los recursos apelativos deben observarse de forma rigurosa. *Soto Pino v. Uno Radio Group*, 189 DPR 84 (2013). Los términos de cumplimiento estricto se pueden prorrogar, pero la parte debe exponer ante los tribunales la justa causa por la cual no puede cumplir dentro del término reglamentario. *Íd.,* pág. 92. En otras palabras, los tribunales carecen de discreción para extender automáticamente los términos de cumplimiento estricto. *Íd.* Así pues, la parte que actúa tardíamente debe acreditar las circunstancias específicas que demuestran la justa causa y permiten la extensión del término. *Íd.* Para ello, el Tribunal Supremo ha expresado que no basta con expresiones generales, sino que deben ser explicaciones concretas. *Íd.* Véase, además, *Berríos Román v. E.L.A.*, 171 DPR 549 (2007).

### III.

### KLCE202401345 y KLCE202401347

En el caso de marras, J.R. Asphalt y Villegas Vargas manifestaron que erró el TPI al denegar las solicitudes de desestimación, pues del examen de los hechos bien alegados en la *Demanda,* eliminando del análisis las conclusiones legales y los elementos de causas de acción apoyados por aseveraciones conclusorias, no surge que el estado haya sufrido un daño económico real, el cual es un elemento esencial para que proceda una indemnización a tenor con el Artículo 5.2 del Código Anticorrupción para el Nuevo Puerto Rico, *supra*.

Luego de examinar el dictamen recurrido, concluimos que no está presente excepción alguna a la norma jurisprudencial y reglamentaria discutida, en torno a la expedición del auto de *certiorari*. Es decir, en el caso de autos no encontramos indicio de que el foro primario actuó con prejuicio, parcialidad o error craso y manifiesto al emitir su dictamen. Además, no encontramos indicio

de que el TPI haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción, o cometido algún error de derecho. *Pueblo v. Rivera Santiago, supra*; *S.L.G. Flores, Jiménez v. Colberg, supra*. Véase, además, *Trans-Oceanic Life Ins. V. Oracle Corp*, 184 DPR 689 (2012).

En el caso ante *nos*, el foro primario evaluó las solicitudes de desestimación que presentaron los peticionarios y las declaró *No Ha Lugar* por entender que la *Demanda* presenta alegaciones especificas con hechos demostrativos suficientes para establecer una causa de acción al amparo del Código Anticorrupción para el Nuevo Puerto Rico. Con tal proceder, el TPI actuó dentro de su discreción y conforme a derecho. Así, no debemos perder de perspectiva que, el foro primario tiene amplia facultad para disponer de los procedimientos ante su consideración de forma que se pueda asegurar la más eficiente administración de la justicia. *Vives Vázquez v. E.L.A.*, 142 DPR 117 (1996).

En fin, conforme a la Regla 52.1 de Procedimiento Civil, *supra*, y evaluados los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos denegar los recursos *certiorari* solicitados, entiéndase el KLCE202401345 y el KLCE202401347, pues no identificamos fundamentos jurídicos que nos motiven a expedir el mismo.

**KLCE202500033**

Con relación al recurso alfanumérico KLCE202500033 que presentó Rodríguez Santos, la parte recurrida planteó que procede su desestimación por falta de jurisdicción al haberse presentado de forma tardía. Tiene razón.

En el caso ante *nos*, mediante su recurso de *certiorari* Rodríguez Santos solicitó la revisión de una *Orden* emitida por el foro primario el 13 de noviembre de 2024. Por lo tanto, el término de treinta (30) días para presentar su recurso venció el 13 de

diciembre de 2024. Entretanto, Rodríguez Santos incoó su recurso de *certiorari* el 13 de enero de 2025. No obstante, a esa fecha ya el término establecido en la Regla 52.2 (c) de Procedimiento Civil, *supra*, y la Regla 32 (D) de nuestro Reglamento, *supra*, había transcurrido.

Así pues, no hallamos en el escrito de *certiorari* alguna explicación por parte de Rodríguez Santos que acredite la justa causa necesaria para prorrogar el término. Por consiguiente, resolvemos que Rodríguez Santos no presentó el recurso de *certiorari* de manera oportuna y carecemos de jurisdicción para intervenir en esta etapa de los procedimientos.

**IV.**

Por los fundamentos antes expuestos, *denegamos* la expedición del auto de *certiorari* en los casos KLCE202401345 y KLCE202401347 y *desestimamos* el recurso KLCE202500033 por falta de jurisdicción por tardío.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones